UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON DOUSE | : |
|     Plaintiff, | : |
| | : |
| v. | :    No. 24-cv-2541 |
| | : |
| WALMART, | : |
|     Defendant. | : |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                       **August 9, 2024**
**United States District Judge**

*Pro se* Plaintiff Sharon Douse sues her former employer, Walmart, alleging unfair treatment on the basis of race, age, and disability. She asserts claims under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Douse seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Douse leave to proceed *in forma pauperis* and dismiss her Amended Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Douse's ADA claims will be dismissed without prejudice. Her Title VII, ADEA, and hostile work environment claims pass statutory screening and may be served for a responsive pleading. Douse will be given an opportunity to cure the

---

[1] Douse initiated this action by filing a Complaint. (*See* ECF No. 2.) Before the Court could screen the Complaint pursuant to § 1915(e), Douse filed an Amended Complaint. (*See* ECF No. 10.) Federal Rule of Civil Procedure 15 permits Douse to amend her Complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). An amended complaint, once submitted to the Court, serves as the governing pleading in the case and supersedes the prior complaint. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

deficiencies identified by the Court as to the ADA claim or, in the alternative, proceed with her Title VII, ADEA, and hostile work environment claims only.

I.      FACTUAL ALLEGATIONS

Douse is a sixty-one-year-old African American female. (Am. Compl. at 11.)[2] She states that she is diabetic and overweight. (*Id.*) She began working for Walmart in Mariana, Florida in 2016, and was transferred to the Hamburg, Pennsylvania Walmart store location in 2018. (*Id.* at 12.) Douse was hired both to work at the "front end" cash registers and to work in the self-checkout lines. (*Id.*) Douse predominantly worked on register 5, which was the busiest of cash registers at the Hamburg Walmart store, in part because it was the only register that sold tobacco items. (*Id.*) Douse states that she was "a very good worker" who provided "speed and accuracy and friendly customer service." (*Id.*)

Douse alleges that she experienced "unequal terms and conditions of [her] employment and age discrimination in July 2023." (*Id.*) For example, Douse repeatedly requested that money be picked up from her cash register and stored safely elsewhere. (*Id.* (stating that she "felt uncomfortable to have thousands of dollars exposed to the public each time the cash drawer would open")) Despite her requests, "frequently" the money was not picked up from her cash register. (*Id.*) In July of 2023, Douse sent a letter to security, Walmart's Human Resources department, and the front-end manager about her concerns about cash not being picked up from her register. (*Id.* at 12, 18.) In the letter, Douse references her "neropathy condition," and states that because of this condition, she "will always put [her] concerns in writing." (*Id.* at 18.) Despite her letter, there was "very little improvement with [Douse's] work circumstances." (*Id.*

---

[2]    Douse's Amended Complaint consists of the Court's standard form complaint for employment discrimination cases with four additional typed pages and three exhibits.
       The Court adopts the pagination supplied by the CM/ECF docketing system.

at 13.) Douse contacted the internal employee grievance department. (*Id*.) She scheduled two appointments with Human Resources to discuss her concerns, but the "resolution meeting" never occurred. (*Id*.)

Douse alleges other instances of unequal treatment. For example, while other employees were permitted to work the self-check-out, Douse was "denied" the opportunity to work there. (*Id*. at 12.) In addition, the front-end manager, Lisa, "refused to allow [Douse] to end [her] shift on time." (*Id*.) Finally, at the kickoff event for Black Friday, all employees were given holiday t-shirts for the celebration. (*Id*. at 13.) Douse was provided a small size shirt when she requires a plus size. (*Id*.) She states that "all overweight white employees got a t-shirt" and that she felt excluded and unable to participate in the activities. (*Id*.)

Douse alleges that she first encountered "harassment" at the Hamburg store in August of 2023, when she was approached by security and by the front-end manager, Lisa, with concerns about Douse keeping her medication bag at her workstation. (*Id*.) After Douse noticed that other front-end staff members were not required to remove their personal items from their workstations, she drafted a letter to Human Resources on December 2, 2023. (*Id*. at 12, 16.) In the letter, she complained that she was personally given a warning about keeping personal belongings at the cash register, that others did not receive similar warnings, and that she felt that she had been "singled out" as an "elderly" African American. (*Id*. at 16.)

Douse left her job at Walmart on December 21, 2023. She filed claims with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on April 25, 2024. (*Id*. at 9, 20.) She asserts claims under the Title VII, the ADEA, and the ADA. She notes the following discriminatory conduct on her Amended Complaint: failure to reasonably accommodate disability; failure to stop harassment; and unequal terms and conditions

of employment. (*Id.* at 7-8.) For relief, Douse requests money damages, and for the Court to direct Walmart to rehire her part time and accommodate her disabilities. (*Id.* at 10.)

## II. STANDARD OF REVIEW

The Court grants Douse leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). This means a plaintiff in an employment discrimination case must put forth allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Douse is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th

4

182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co*., 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). Douse asserts discrimination claims under Title VII, the ADEA, and the ADA.

### A.   Title VII, ADEA, and Hostile Work Environment Claims

Douse alleges that she was discriminated against on the basis of her race and age. She also appears to allege a hostile work environment claim. In general, to plead a *prima facie* case of employment discrimination, a plaintiff must allege that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv*., 352 F.3d 789, 797 (3d Cir. 2003). Membership in a protected class for purposes of age discrimination claims under the ADEA means that the plaintiff is over forty years old. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Although it is not necessary for a plaintiff to allege a *prima facie* case at the pleading stage, a plaintiff still must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 789 (3d Cir. 2016).

The first two elements are sufficiently alleged. Douse states that she is a member of a protected class – African American and sixty-one years old – and that that she was qualified for her position. For an adverse employment action, the Court understands Douse to allege that her resignation constitutes a constructive discharge. An adverse employment action may be shown with allegations that the plaintiff was constructively discharged. *Larochelle v. Wilmac Corp.*, 769 F. App'x 57, 61 (3d Cir. 2019); *Gunn v. On the Border Acquisitions, LLC*, 298 F. Supp. 3d 811, 823 (E.D. Pa. 2018). To state a claim for constructive discharge, a plaintiff must allege that "the employer knowingly permitted conditions of discrimination in the workplace 'so intolerable that a reasonable employee would be forced to resign.'" *Seeney v. Elwyn, Inc.*, 409 F. App'x 570, 573 (3d Cir. 2011) (*per curiam*) (quoting *Levendos v. Stern Entertainment, Inc.*, 860 F.2d 1227, 1230 (3d Cir. 1988)). Courts consider various factors in determining whether an employee was forced to resign, including whether she: (1) was threatened with discharge; (2) was encouraged to resign; (3) was demoted or suffered a reduction in pay or benefits; (4) was involuntarily transferred to a less desirable position; (5) had job responsibilities altered; and (6) began receiving unsatisfactory job evaluations. *See id.*; *see also Colwell v. Rite Aid Corp.*, 602 F.3d 495, 502 (3d Cir. 2010). Under certain circumstances, unequal treatment can substantiate a discrimination claim based on constructive discharge. *See Fritz v. Allied Servs. Found.*, No. 21-1996, 2024 WL 843918, at *6 (M.D. Pa. Feb. 28, 2024).

Liberally construing the Amended Complaint, Douse's allegations support a plausible inference that she was constructively discharged because the conditions of her employment had become intolerable. She alleged that she received unequal treatment on the basis of her race and age. Specifically, Douse alleges that she was not permitted to keep personal items at her workstation when other non-minority younger employees were. In addition, she alleges that she

was excluded from participating in the Black Friday kickoff event because she was provided a t-shirt that would not fit her while other non-minority employees could participate with a properly sized t-shirt.  *See Fritz*, 2024 WL 843918, at *6 (denying motion to dismiss disability discrimination claim where the plaintiff alleged that she was constructively discharged after receiving unequal treatment because her son had disabilities).  Moreover, resolving all inferences in Douse's favor, the Amended Complaint could be read to infer that Walmart's refusal to allow her to work at the self-checkout line and refusal to remove cash from her register was rooted in discrimination on the basis of age and race.  Douse has adequately alleged Title VII and ADEA discrimination claims.

Similarly, the allegations supporting the inference of a discrimination claim also support a plausible hostile work environment claim.  To plead a hostile work environment claim, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.  *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).  As noted above, Douse has adequately pled for purposes of screening that she suffered intentional discrimination on the basis of her race and age.  Despite numerous complaints, Walmart did not respond to her concerns.  The alleged discrimination ultimately caused her to resign.  Similar to the facts alleged supporting her constructive discharge claim, Douse has also adequately alleged a hostile work environment claim.  *Mandel v. M & Q*

*Packaging Corp.*, 706 F.3d 157, 170 (3d Cir. 2013) (evaluating hostile work environment claims coextensively with constructive discharge claims).

   **B. ADA Claim**

  Douse also alleges that Walmart failed to reasonably accommodate her disability. Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) [s]he was disabled and [her] employer knew it; (2) [s]he requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [s]he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017). A plaintiff is disabled within the meaning of the ADA if she (1) has a physical or mental impairment that substantially limits one or more of her major life activities; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citing 42 U.S.C. § 12102(1)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

  Initially, Douse has not adequately alleged that she is disabled. She states that she is diabetic, overweight, and suffers from "neropathy." She does not allege how she is in any way limited by these conditions. Although a plaintiff need not "go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations" at the

8

pleading stage, she still must allege some facts to support an inference that she suffered from a disability within the meaning of the statute. *Fowler*, 578 F.3d at 213; *Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint."). By listing her impairments without any facts about how they limit her, Douse has not adequately alleged that she suffers from a disability.

In addition, Douse does not allege anywhere in the Amended Complaint that she requested an accommodation or asked for assistance with any of her alleged impairments. It is possible that Douse wished to keep her medication at her workstation. However, it is not clear from the allegations that she requested this as an accommodation, and if she did, whether it was to assist with a specific disability. Nor does Douse allege that Walmart failed to make a good faith effort in assisting with any requested accommodation. Without additional details, Douse has not alleged a plausible reasonable accommodation claim under the ADA. *See, e.g.*, *Brister v. Emp. Opportunity & Training Ctr. of Ne. Pennsylvania Inc.*, No. 22-2047, 2023 WL 4424255, at *2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Douse leave to proceed *in forma pauperis* and dismiss her Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B). Douse's failure to accommodate claim under the ADA will be dismissed without prejudice. Douse's Title VII, ADEA, and hostile work environment claims pass statutory screening and may proceed to

service. The Court will permit Douse an opportunity to file a second amended complaint in the event she can address the defects the Court has noted as to her ADA claim. In the alternative, Douse may elect to proceed on her Title VII, ADEA, and hostile work environment claims only.

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**